

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 93-40062, 94-40043, 94-40044, |
| | \* | 94-40045, 94-40051 |
| Plaintiff, | \* | |
| -vs- | \* | MEMORANDUM OPINION |
| | \* | AND ORDER |
| THOMAS JOHN HUNT, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Defendant, Thomas Hunt, filed motions for credit for time served in the five criminal cases listed in the caption. He also filed a Motion for Reversal of Stipulation, Doc. 29, in CR 93-40062. The government responded to these motions and the Defendant submitted a reply to the government's response to the Motion for Reversal of Stipulation. For the reasons set forth below, the motions will be denied.

In his motions for credit for time served, Defendant seeks 356 days of jail credit pursuant to 18 U.S.C. § 3568. He seeks this credit for time he spent in federal custody from December 7, 1993 to November 28, 1994. This motion will be denied without prejudice because Defendant has not shown that he has exhausted his administrative remedies to resolve this jail credit dispute. In addition, the Court does not have authority to credit a defendant for pretrial detention absent presentation of the issue to the Bureau of Prisons. *See United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000); *United States v. Iversen*, 90 F.3d 1340, 1344 (8th Cir. 1996). If Defendant exhausts his administrative remedies and does not obtain the relief he seeks, he may file a habeas petition pursuant to 28 U.S.C. § 2241 in the district in which he is confined, the United States District Court for the District of Columbia, or any district in which the Bureau of Prisons maintains a regional office. *See Chappel*, 208 F.3d at 1069.

In his Motion Requesting Reversal of Stipulation, Doc. 29, filed in CR 93-40062, Defendant asks that the Court reverse a Stipulation entered in December 1994 and direct that Defendant be remanded to the custody of the Sheriff's Department of Lincoln County, South Dakota. Defendant desires to serve the remainder of his federal and state sentences in the South Dakota State Penitentiary, which he believes will be safer than remaining in federal custody. This motion will be denied for the reasons set forth below.

On November 25, 1994, a Judgment of Conviction was entered in state court, which provided that the sentence for the state court felonies was to be served concurrent with Defendant's sentence for federal felonies. On November 28, 1994, a Judgment of Conviction was entered in the case of *United States v. Hunt*, CR 93-40062 (D.S.D.). In December 1994, Defendant entered into an agreement with the United States Attorney for the District of South Dakota that he would serve his term of imprisonment for the sentence in CR 93-40062 in a federal penal institution before being imprisoned in a state facility if he had any additional time to serve for his state sentence after his federal sentence was completed.

The government resists the motion because allowing Defendant to transfer to state custody at this time could result in his having to be later returned to federal custody to complete his federal sentence if he were granted parole on the state offense before his federal sentence was completed. Defendant contends his safety is at risk in federal custody because he assisted the federal government in an investigation of an assault he witnessed at the United States Penitentiary in Lewisburg, Pennsylvania in 2004. Defendant requested to be placed in protective custody because he was concerned about being a "snitch" and being harmed by other inmates. Defendant is currently in protective custody in the United States Penitentiary in Terre Haute, Indiana.

The Court does not find any basis for exercising jurisdiction to alter the terms of the 1994 agreement reached between the United States and the Defendant concerning the service of Defendant's federal sentence. Moreover, there is no claim that the United States has breached any portion of the agreement. Accordingly, the Court will deny the motion for lack of subject-matter jurisdiction.

Now, therefore,

IT IS ORDERED:

1. That Plaintiff's Motions for Jail Credit, Docs. 28 and 31 in CR 93-40062; Docs. 18 and 19 in CR 94-40043; Docs. 18 and 19 in CR 94-40044; Docs. 18 and 19 in CR 94-40045; and Docs. 19 and 20 in CR 94-40051, are denied without prejudice.

2. That Plaintiff's Motion for Reversal of Stipulation, Doc. 29, in CR 93-40062 is denied.

3. That the Clerk of Court shall file this Memorandum Opinion and Order in CR 93-40062 and shall file copies in the remaining criminal cases listed in the caption.

Dated this 26 day of June, 2006.

BY THE COURT:

John B. Jones
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY _____
DEPUTY

3